1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

9

10
JAMES P. RAY,                                    CASE NO. 2:08-cv-1002-RSM

            Plaintiff,                           ORDER OF DISMISSAL

11

12
            v.

13
SOLANO COUNTY JAIL, et al.,

            Defendants.

14

15
        Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42

16
U.S.C. § 1983.  Dkt. #1.  Plaintiff's allegations consist of the following:

17

18
        Solano County Jail does not have a law library for me to get assistance, file writs
        & other meaningful motions to contest the conditions & the validity of my
        confinement.  Jail employees refuse to allow me to get assistance from other

19
        inmates of "jailhouse lawyer," & this facility does not have a "designated" person
        to assist inmates who wish to file meaningful writs & motions, & they are

20
        violating my constitutional right to access to the courts.

21
*Id.* at 3.  Plaintiff seeks damages and injunctive relief.

22
        On February 8, 2010, the Court issued an order dismissing Defendant Gary R. Stanton for

23
failure to state a claim for which relief could be granted.  Dkt. #13.  Plaintiff was given leave to

24

1   amend within thirty days.  *Id.* at 3.  As of this date, Plaintiff has not amended his complaint.

2   Defendant Gary R. Stanton is hereby DISMISSED without prejudice.

3          Plaintiff's claims against the Solano County Jail likewise fail to state a claim upon which

4   relief can be granted and must be dismissed.  *See* 28 U.S.C. §1915(b)(1).  There is no "abstract,

5   freestanding right to a law library or legal assistance."  *Lewis v. Casey*, 518 U.S. 343, 351

6   (1996).  Rather, ""[m]eaningful access to the courts is the touchstone."  *Bounds v. Smith*, 430

7   U.S. 817, 823 (1977).  To show a denial of the constitutional right of access to the courts, a

8   Plaintiff must show actual injury.  *Lewis,* 518 at 349-55.  To demonstrate actual injury, a Plaintiff

9   must allege that "shortcomings in the library or legal assistance program hindered his efforts to

10  pursue a legal claim."  *Id.* at 351.  The legal claim pursued must be specific and non-frivolous.

11  *Id.*  Here, Plaintiff has failed to allege an actual injury; he has not demonstrated that he was

12  prevented from bringing to court a specific, nonfrivolous claim he wished to present.

13  Accordingly, Plaintiff's claims against the Solano County Jail are hereby dismissed.

14         Plaintiff will be given an opportunity to amend his complaint.  If Plaintiff chooses to

15  amend the complaint, Plaintiff must demonstrate that he suffered an actual injury as a result of

16  the alleged shortcomings in the Solano County Jail.  *Id.* at 351.  "He might show, for example,

17  that a complaint he prepared was dismissed for failure to satisfy some technical requirement

18  which, because of deficiencies in the prison's legal assistance facilities, he could not have known.

19  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but

20  was so stymied by inadequacies of the law library that he was unable even to file a complaint."

21  *Id.*

22         Plaintiff is again informed that the Court cannot refer to a prior pleading in order to make

23  Plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint

24

be complete in itself without reference to any prior pleading. This is because, as a general rule,

an amended complaint supersedes the original complaint.  *See Loux v. Rhay,* 375 F.2d 55, 57

(9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer

serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

each claim must be sufficiently alleged.

IT IS HEREBY ORDERED that:

1.  Plaintiff's claims against Gary R. Stanton are DISMISSED.

2.  Plaintiff's claims against the Solano County Jail are also DISMISSED for the reasons

discussed above, with leave to file an amended complaint within thirty days from the date

of service of this Order.  Failure to file an amended complaint will result in the dismissal

of this action.

Dated this 27th day of May 2011.

*/s/Ricardo S.Martinez*
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3